UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| MATTHEW W. WOOD | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:13-0689 |
| | ] | Judge Trauger |
| WILLIAMSON COUNTY, TENNESSEE, et al. | ] | |
| Respondents. | ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, was an inmate at the Williamson County Jail in Franklin, Tennessee.[1] He brings this action pursuant to 28 U.S.C. § 2241, for writ of habeas corpus, against Williamson County, Jeff Long, Sheriff of Williamson County, and the State of Tennessee, alleging that he was being held in custody without any form of due process.

Upon its receipt, the Court examined the petition (Docket Entry No.1) and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondents to file an answer, plead or otherwise respond to the petition.

---

[1] When this action was filed, the petitioner was an inmate at the Williamson County Jail. He has since, however, been released from custody. *See* Docket Entry No.16 at pg.6. The petitioner has failed to notify the Clerk's Office of his current address.

Presently before the Court are Motions to Dismiss (Docket Entry Nos.15 and 18) from the respondents. Having considered the petition and respondents' Motions to Dismiss, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require.

A § 2241 petition for federal habeas corpus relief will not be considered unless the petitioner first exhausts all available state court remedies for each claim presented in his petition. Hamm v. Saffle, 300 F.3d 1213, 1216 (6th Cir.2002). The petitioner bears the burden of proving that he has exhausted those remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994).

The petitioner has made no such showing. When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. Rose v. Lundy, 455 U.S. 509,518-20 (1982). Therefore, an appropriate order will be entered granting the respondents' Motions to Dismiss without prejudice.

_____
Aleta A. Trauger
United States District Judge